I<small>N</small> T<small>HE</small> U<small>NITED</small> S<small>TATES</small> D<small>ISTRICT</small> C<small>OURT</small>
F<small>OR</small> T<small>HE</small> D<small>ISTRICT OF</small> N<small>EW</small> M<small>EXICO</small>
_____

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                                         No. CR 07-1282 BB

ANDREW CARRILLO CHAPIN,

        Defendant.

M<small>EMORANDUM</small> O<small>PINION</small>
<small>AND</small>
O<small>RDER</small> D<small>ENYING</small> M<small>OTION TO</small> D<small>ISMISS</small>
<small>FOR</small> V<small>INDICTIVE</small> P<small>ROSECUTION</small>

        **THIS MATTER** is before the Court on *Defendant's Motion to Dismiss Superseding Indictment Due to Vindictive Prosecution* [doc. 109]. Having considered the submissions of counsel and entertained oral argument on February 20, 2008, the Court finds the *Motion* lacking in both factual and legal support.

*Facts*

        The current charges against Defendant, Andrew Carrillo Chapin, stem from evidence obtained by police officers following a traffic stop of a vehicle in which Defendant was a passenger in a vehicle driven by co-Defendant, John Farley. Drugs and firearms were discovered during a search of the vehicle. Both Farley and Chapin were arrested and transported to the police station in Santa Clara, New Mexico.

        On June 21, 2007, both Farley and Chapin were charged in a three-court indictment [doc. 26]. Count 1 alleges a violation of 21 U.S.C. § 836, conspiracy to possess with the intent

to distribute more than five grams of methamphetamine. For that, Defendant faces a term of imprisonment of not less than five years and not more than forty years. Count 2 alleges a violation of 21 U.S.C. § 841, possession with intent to distribute more than five grams of methamphetamine. That count allows for a term of imprisonment of not less than five years and not more than forty years. Count 3 alleges a violation of 18 U.S.C. § 924(c), carrying of firearms during and in relation to a drug trafficking crime. That gun count carries a mandatory term of imprisonment of five years, to be served consecutive to the sentence imposed for the drug offenses.

In early October 2007, during preparation for trial, the Assistant United States Attorney became aware of four digital photographs taken by and saved in the cellular telephone seized from Chapin on the night of his arrest. These photographs showed Chapin holding one of the firearms which had been seized from the vehicle and for which he was charged under 18 U.S.C. § 924(c). The Government mistakenly sent them to Chapin's prior counsel, but this error was not discovered until shortly before trial.

This case proceeded to trial on November 27, 2007. Chapin moved, without objection from the United States, for a mistrial due to a discovery violation resulting from one of the law enforcement officers finding additional taped conversations with Chapin made at the time of the arrest. In moving for the mistrial, defense counsel stated, "we're not claiming any prosecutorial misconduct in this, because the prosecutors in this case have been very forthcoming and ethical and professional ...." Tr. at 407. The prosecutor asked that the Court "make a finding that I think would not be objectionable to either party that none of what happened was intended to goad the defendant into moving for a mistrial." Tr. at 410. The

Court responded that the lack of such intent "[s]eems pretty clear from the facts I've heard so far." *Id.* The Court orally granted Chapin's unopposed motion for mistrial. Tr. at 415. On December 14, 2007, the Court entered a written Order which found that "[i]n no way were the actions of the prosecuting attorneys designed to goad Defendant into requesting a mistrial." (Doc. 88 at 3).

On December 18, 2007, the grand jury returned a superseding indictment against Defendant Chapin. The superseding indictment included each of the charges from the original indictment as well as three additional charges. The first new charge alleges a violation of 21 U.S.C. § 841, that is possession with intent to distribute less than 50 kilograms of marijuana. This charge carries a term of imprisonment of not more than five years. The second new charge alleges a violation of 18 U.S.C. § 922(g)(9), possession of firearms by a person previously convicted of a misdemeanor crime of domestic violence, which allows a term of imprisonment of not more than ten years. The final new charge alleges a violation of 18 U.S.C. § 922(d)(3), disposing of a firearm to a person knowing such person is an unlawful user of a controlled substance. Chapin also faces a term of imprisonment of not more than ten years on this count.

## *Discussion*

Defendant Chapin claims that the additional charges should be dismissed because "the reason for the re-indictment is simply a product of prosecutorial retaliation against the defendant for asserting his right to a jury trial and successfully moving this court for a mistrial." Def.'s Mot. Dism. at 2. The decision with regard to how to charge a defendant rests solely with the prosecutor, but is not without constitutional limits. *North Carolina v. Pearce*,

395 U.S. 711 (1969).  A prosecutor may violate Due Process if he employs the charging process to penalize defendant's exercise of constitutional or statutory rights.  *United States v. Contreras*, 108 F.3d 1255, 1262 (10th Cir. 1997).  To prove prosecutorial vindictiveness, defendant must prove either actual vindictiveness or the realistic likelihood of facts sufficient to create a presumption of vindictiveness.  *United States v. Lampley*, 127 F.3d 1231 (10th Cir. 1997).  Defendant Chapin has not proven or even alleged there is any evidence of actual vindictiveness.

The presumption of vindictiveness is difficult to establish in the pretrial context.  *Id.* at 1245; *United States v. Vallo*, 238 F.3d 1242, 1249 (10th Cir. 2001).  The "focus in analyzing a claim of prosecutorial vindictiveness must be whether 'as a practical matter, there is a realistic or reasonable likelihood of prosecutorial conduct that would not have occurred but for hostility or punitive animus toward the defendant because he exercised his specific legal right.'" *Contreras,* 108 F.3d at 1263 (quoting *United States v. Raymer*, 941 F.2d 1031, 1042 (10th Cir. 1991)).  Here, it is difficult to even pinpoint the legal right Mr. Chapin alleges triggered the new charges.

No presumption arises when the prosecutor files additional charges following a mistrial not caused by the defendant.  In such a situation, "no presumption of vindictiveness is raised because there is no reason why the prosecutor would consider the defendant responsible for the need for a new trial."  *Contreras*, 108 F.3d at 1263; *see also United States v. Gallegos*, 108 F.3d 1272, 1278 (10th Cir. 1997); *United States v. Morales*, 108 F.3d 1213, 1220 (10th Cir. 1997).  This is true even where the prosecution had all the evidence supporting the new charges prior to the first trial,  *United States v. Thomas*, 410 F.3d 1235, 1247 (10th Cir. 2005), so long as the

prosecutor has probable cause to support the charges. *Bordenkircher v. Hayes*, 434 U.S. 357 (1978); *United States v. Batie*, 433 F.3d 1287, 1293-94 (10th Cir. 2006). Nor does the fact defendant asserted his right to a speedy trial or that he rejected a plea offer after the first trial give rise to such presumption. *United States v. Doran*, 882 F.2d 1511 (10th Cir. 1989).

Nothing in the present factual scenario gives rise to the presumption of vindictiveness that would support Defendant's motion. The Assistant United States Attorney expressed no hostility toward Defendant over the mistrial motion and indeed conceded it was justified and the Government accepted responsibility for it. The fact that the United States did not object to the mistrial motion dramatically undermines any assertion that the superseding indictment was meant to punish Defendant for making the motion. *See United States v. Poole*, 407 F.3d 767, 776 (6th Cir. 2005) ("[G]overnment ... argues that it did not object to the mistrial and, due to the mistrial, it was given the opportunity to reassess its manner of presenting evidence. ... It is difficult to see how this would prompt a prosecutor to act vindictively towards a defendant."); *United States v. Whaley*, 830 F.2d 1469, 1478-79 (7th Cir. 1987) (no presumption where superseding indictment added six substantive drug charges after unopposed mistrial); *Contreras*, 108 F.3d at 1263-64 (no presumption even though government received negative publicity in the media after unopposed mistrial and then added two new drug charges and a new money laundering charge).

If the Government's counsel cast any blame for the mistrial, it was toward the police. He openly acknowledged Defendant's right to the discovered recordings and apologized to the Court as well as opposing counsel for the failure to discover the recordings prior to trial. Such actions are incongruous with a finding that Defendant's assertion of his discovery right

5

"inspire[d] the wrath of the prosecutor." *United States v. Khan*, 787 F.2d 28, 33 (2d Cir. 1986). Nothing in the record indicates any "incentive of the prosecutor to prevent the defendant from asserting that right" to discovery. *Doran*, 882 F.2d at 1522. The facts surrounding the late disclosure of the original recordings simply do not support any presumption of vindictiveness. *See United States v. Washburn*, 444 F.3d 1007, 1010-11 (8th Cir. 2006) (no presumption where superseding indictment was obtained after mistrial due to prejudicial testimony by government witness).

The gun charge was almost certainly added because of the trial evidence tying Defendant to the firearms combined with the discovery of the cell phone photographs clearly showing Mr. Chapin in possession of one of the firearms. These photographs were apparently discovered by the prosecution in early October 2007, at a time when the trial date was looming and the miscommunication with defense counsel limited the potential for a new charge at that point. Once the first trial ended in a mistrial and the new trial was set for March 2008, the United States had sufficient time to present the new evidence to the grand jury without causing any additional delay. At trial, his co-defendant testified that Chapin traded drugs for the guns shown in the photos discovered in October, thus supporting the charge under 18 U.S.C. § 933(d)(3) of disposing of a firearm to a known user of controlled substances. Significantly, the prosecutor chose this lesser charge over filing another § 924(c) gun charge which would have carried a mandatory consecutive sentence. "Therefore, rather than evidence of a vindictive motive on the part of the government, the superseding indictment is instead the result of the additional time that the government had once the mistrial was granted." *United*

*States v. Santana*, 509 F. Supp. 2d 563, 566 (E.D. Va. 2007) (similar facts held not to support prosecutorial vindictiveness).

Likewise, the evidence at the first trial indicated Defendant Chapin would employ a strategy of accepting responsibility for the marijuana but deny any relationship to the methamphetamine. Rather than demonstrate vindictiveness indicting Mr. Chapin for this defense is again a result of adjusting the Government's case to the evidence presented at trial. This does not demonstrate prosecutorial vindictiveness

Nor do the new charges raise the penalties in any appreciable manner. Under the original indictment, Defendant faced a minimum of five years and a maximum of forty years imprisonment on the two drug counts in addition to a mandatory consecutive five-year term of imprisonment under the § 924 gun charge. Without any minimum mandatory sentence, the new charges carry terms of imprisonment of not more than five and ten years respectively. Moreover, the calculations under the Sentencing Guidelines are virtually identical under the original indictment and the superseding indictment. The slight differences of the severity of punishment between the original and superseding indictment undermine any presumption of vindictiveness. *Doran*, 882 F.2d at 1511; *Kahn*, 787 F.2d at 28.

Even where a presumption arises after a superseding indictment is filed, "if any objective event or combination of events in those proceedings should indicate to a reasonable minded defendant that the prosecutor's decision to increase the severity of charges was motivated by some purpose other than a vindictive desire to deter or punish" defendant's assertion of a right, no vindictive prosecution can be found. *United States v. Punelli*, 892 F.2d

**1364, 1371 (8th Cir. 1990) (citations omitted). In the instant case, the explanations for the additional charges easily meet this standard.**

**O R D E R**

**For the above stated reasons,** *Defendant's Motion to Dismiss Superseding Indictment Due to Vindictive Prosecution* **is DENIED.**

**SO ORDERED this 29th day of February, 2008.**

*/s/ Bruce D. Black*
**BRUCE D. BLACK**
**United States District Judge**